UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. _____

RICHARD P. McCLURE,
MARTHA McCLURE,
    PLAINTIFFS

V.

**04 10826 RGS**

WILLIAM GALVIN;     MAGISTRATE JUDGE Bowler
SECRETARY OF STATE FOR THE
COMMONWEALTH OF MASSACHUSETTS,

ELIZABETH L. DELANEY, TOWN CLERK FOR THE
TOWN OF CHELMSFORD, MASSACHUSETTS, and

JANE DOE, CHELMSFORD ELECTION POLL CLERK

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1___
WAIVER FORM___
MCF ISSUED___
BY DPTY. CLK. ___
DATE 4-26-04

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF

JURISDICTION

This action involves "federal questions," centered around the plaintiffs' voting,

ballot access, and freedom of association rights and arising under the First and Fourteenth

Amendments to the Constitution of the United States and Sec.'s 1973c and 1983 of Chap-

ter 42 of the U.S. Code and are set forth in specific detail in the enumerated counts below.

-2-

PARTIES

1. Plaintiff, Richard P. McClure is an individual residing at 8 Westford Street, Chelmsford, Middlesex County, Massachusetts and, at all times material hereto, is a registered voter in said town of Chelmsford with a party designation of "unenrolled." Plaintiff is currently a candidate for State Senator in the third Middlesex District of said Commonwealth of Massachusetts and, pursuant to Fed. R. Civ. P. 23, purports to represent the rights of the approximately 2 million unenrolled voters throughout the Commonwealth.

2. Plaintiff, Martha McClure is an individual residing at 8 Westford Street, Chelmsford, Massachusetts and, at all times material hereto, is a registered voter in said Town of Chelmsford with a party designation of "unenrolled" who seeks to affilliate with the plaintiff, Richard P. McClure, promote his candidacy for state senator in the third Middlesex distritct and vote for him in the November 2, 2004 election. Pursuant to Fed. R. Civ. P. 23, said plaintiff purports to represent the rights of the approximately 2 million similarly situated, unenrolled voters throughout the Commonwealth.

3. Defendant, William Galvin, is the Secretary of State for said Commonwealth of Massachusetts and is charged by law with implementing and enforcing Massachusetts statutes governing the nomination and election of candidates in Massachusetts. Said defendant, William Galvin, maintains an office at the State House, Boston, MA

4. Defendant, Elizabeth L. Delaney, is the Town Clerk for the Town of Chelmsford, Massachusetts and also a Registrar charged by law with reviewing and enforcing nom-

-3-

ination procedures for candidates for state office. Said defendant, Betty Delaney, maintains an office at 50 Billerica Road, Chelmsford, MA.

5. Defendant, Jane Doe, is the yet to be discovered, Chelmsford election poll clerk who, on March 2, 2004, recorded the plaintiff, Richard P. McClure, as having enrolled in the Democratic party.

## FACTS AND STATUTORY BACKGROUND

1. On or about March 2, 2004, of the Commonwealth's 3.9 million registered voters, 50% were registered as unenrolled (not affiliated with any political party), 36% were registered as Democrats and 13% were registered as Republicans. See Exhibit A from the defendant, William F. Galvin's Elections Division website.

2. On February 10, 2004 plaintiff, Richard P. McClure, un-enrolled from the Republican Party and registered himself as a "unenrolled" voter. See plaintiff's affidavit.

3. On February 17, 2004 plaintiff, Richard P. McClure, drew nomination papers to run as an "unenrolled" candidate for the office of state senator for the third Middlesex district. See Exhibit B and plainitff's affidavit.

4. On March 2, 2004, plaintiff, Richard P. McClure, appeared at Precinct #1 in the town of Chelmsford already registered as a "unenrolled" voter, voted in the Democratic presidential primary, and left said precinct registered as a "unenrolled voter. See plaintiff's affidavit, Exhibit C and Mass. Gen. L. ch. 53, Sec. 38.

-4-

5. On March 2, 2004, at the time of receiving a Democratic primary ballot and before casting same, plaintiff requested and was given by the attendant ballot clerk, the defendant, Jane Doe, evidence establishing his party designation as "unenrolled." See plaintiff's affidavit and Exhibit C

6. On March 2, 2004, plaintiff signed said certificate, filled out his ballot, tendered said certificate to the exit clerk and cast said ballot into the ballot box. See Exhibit C and plaintiff's affidavit.

7. On March 25, 2004, plaintiff submitted 25 nomination signatures for verification to the Chelmsford town clerk, defendant, Elizabeth Delaney.

8. On March 26, 2004 Chelmsford town clerk, defendant, Elizabeth Delaney informed the plaintiff, in writing, that she had verified the signatures but was unable to certify his nomination papers as he had voted in the March 2nd presidential primary election. See Exhibit D.

9. On or about March 27, 2004, local news media began to report that, in accordance with state law, the plaintiff would be unable to appear on the November 04 ballot. See *Lowell Sun* article marked as Exhibit E.

10. Mass. Gen. L. ch. 53, Sec. 6 states, in pertinent part:

> The name of a candidate for election to any office who is nominated otherwise than by a political party, generally referred to as an "Unenrolled" candidate, shall not be printed on the ballot at a state election, or on the ballot at any city or town election following a city or town primary, unless a certificate from the registrars of voters of the

-5-

city or town wherein such person is a registered voter, certifying that he is not enrolled as a member of any political party, is filed with the state secretary or city or town clerk on or before the last day provided in section ten for filing nomination papers. Said registrars shall issue each certificate forthwith upon the request of any such candidate who is not a member of a political party or his authorized representative. *No such certificate shall be issued to any candidate who shall have been an enrolled member of any political party during the time prior to the last day for filing nomination papers as provided in section ten, and on or after the day by which a primary candidate is required by section forty eight to establish enrollment in a political party* (emphasis added).

11. Mass Gen L. ch. 53, Sec 37 states, in pertinent part:

...a voter desiring to vote in a primary shall give his name, and, if requested, his residence, to one of the ballot clerks, who shall distinctly announce the same, and, if the party enrollment of such voter is shown on the voting list, the name of the party in which he is enrolled. If the party enrollment of the voter is not shown on the voting list the ballot clerk *shall ask such voter in which political party's primary he desires to vote* (emphasis added) and the ballot clerk, upon reply, shall distinctly announce the name of such political party, and shall record the voter's selection upon the voting list...

If the voter was unenrolled prior to the selection of a party ballot he shall continue to be unenrolled and shall be recorded as unenrolled in the current annual register of voters; *provided, however, that in a presidential primary, the voter shall become enrolled in and shall remain a member of the political party whose ballot he received* (emphasis added) until he files a certificate, signed under the pains and penalties of perjury, with the board of registrars of voters, requesting to have his enrollment changed to another party or political designation or cancelled....

12. In 1993, the state legislature amended said M.G. L. ch. 53, sec. 37 as follows:

Historical and Statutory Notes
**1993 Legislation**

St. 1993, c. 475, Sec. 26, an emergency act, approved Jan. 14, 1994, in the first paragraph, in the third sentence, substituted "enrollment" for "enrolment" and "the ballot clerk shall ask such voter in which political party's primary he desires to vote" for "he shall ask be asked by the ballot clerk with which political party he desires to be enrolled", in the fourth sentence, substituted "the ballot of the political party so requested" for one ballot of the political party in which he is thus enrolled", and added the fifth sentence.

-6-

13. Mass. Gen. L. ch. 53, Sec.36, as amended, requires an unenrolled voter wishing to vote in a party's presidential primary to answer the question "...in which political party he desires to vote," *the answer to which automatically and without notice enrolls him/her in that party.* The net result of said 1993 amendment being *the removal of the notice or knowledge of party enrollment* afforded to the unenrolled voter prior to said amendment.

14. Mass Gen L Ch. 53, Sec. 37 only take effect once every four years; in the presidential primary election, and an unenrolled voter may cast a ballot in a party primary during the other years without the "automatic" party enrollment taking effect.

15. Votes cast in the presidential primary by registered democratic and republican candidates for state office have no such negative effect on their proposed candidacies under Mass. Gen. L. ch. 53, Sec. 37.

16. The incumbent democratic senator for the third Middlesex district, Susan Fargo, voted in her hometown of Lincoln, MA in the March 2004 presidential primary with no negative effect on her candidacy for re-election in 2004.

17. The current republican challenger for state senate in the third Middlesex district, John Thibault, voted in his hometown of Chelmsford, MA in the March 2004 presidential primary with no negative effect on his candidacy for said senate seat.

18. Mass. Gen L. Ch. 53, Sec. 38 allows a voter of any party affiliation or unenrolled voter to cast a party ballot in the presidential primary, and then, via a signed certificate,

-7-

unenroll from said party in a matter of minutes.

19. Mass. Gen. L. ch. 53, Sec. 38 offers a suggested "change of enrollment status"

certificate to be used by town clerks as follows:

"...At presidential primaries the city or town clerk shall make available within the polling place *certificates to enable a voter to change his party or political designation enrollment, which shall be in substantially the following form* (emphasis added):

    Name.................................................................................
                    (print)

    Address..............................................................................

I hereby request that my political party or political designation enrollment be changed as follows:

    From:................................................................................
           (Name of party or political designation or Unenrolled)

    To:....................................................................................
           (Name of party or political designation or Unenrolled)

Signed under the pains and penalties of perjury.

    .............................................................................
                 (Signature)

20. The town of Chelmsford form offered to voters as alleged compliance with said Mass.

Gen. L. ch. 53, Sec. 38 contains no such "change party to/from" language, rather it states:

-9-

"I hereby request that my enrollment be *established* (emphasis added) as U and is given to the unenrolled voter at the same time he/she requests a party ballot. See Affidavit and Exhibit C.

24. The guidelines given to all prospective candidates for state office in 2004 and published by the defendant, William F. Galvin, notes, at page 12,

> "To run as a non-party candidate in the state election, you may not be enrolled in any political party. You may not have been enrolled in a political party between **February 24, 2004** (if you are a candidate for district or county office) or **March 2, 2004** (if you are a candidate for federal office) **and the deadline for filing nomination papers with the Secretary of the Commonwealth.**" (in this case, May 25, 2004). See Exhibit F and (hereinafter referred to as the "90 day window" rule.

25. Said Exhibit F fails to state or otherwise warn registered unenrolled candidates that voting in the March 2, 2004 presidential primary will render their candidacy invalid in accordance with Mass. Gen. L. ch. 53, Sec. 37

26. In 1985, then Secretary of the Commonwealth of Massachusetts, Michael Connolly, was a named defendant, involving the same statutes and issues presented in this matter, in *Metros v. Secretary of State*, 396 Mass. 156.

27. In March, 2000, the defendant Secretary of State Wm. Galvin, issued an email to all town clerks to be on the lookout for independent candidates for state office who voted in the 2000 presidential primary as they must be disqualified from being on the November 2000 ballot. See Exhibit G (certified copy of *LaFrazia* complaint; exhibits b and c contained therein in particular).

-10-

28. In September 2000, the defendant, Secretary of the Commonwealth William F. Galvin, was a named defendant, in an action similar to this, involving the same statutes and issues. See *LaFrazia v. Galvin*, Essex Superior Court No. 00-1036. Attached hereto as Exhibit G.

29. On March 23, 2004, defendant, the Secretary of the Commonwealth's office, issued an email to all town clerks advising them to be on the lookout for independent candidates for state office who voted in the March 2004 primary as they must be disqualified from the Nov 2004 ballot. See Exhibit H.

30. The plaintiff, Richard P. McClure, has complied with all statutory requirements to have his name placed on the November, 2004 ballot as a candidate for state senator in the third Middlesex district (See plaintiff's Affidavit) with the exception of the Sec. 6 certificate of "unenrolled" status to be issued by the defendant, Elizabeth L. Delaney.

31. There are many unenrolled, minority voters of color throughout said third Middlesex district who have been adversely affected by said Mass. Gen. L. ch. 53, Sec.'s 6, 37 and 38 for the purposes of qualifying for protection under. 42 U.S. Code, 1973 and Rule 23 of the Federal Rules of Civil Procedure.

## COUNT I

Having chosen to exercise his constitutional right to vote for a presidential primary candidate, Mass. Gen. L. ch. 53, Sec. 37 wrongfully, unlawfully and unconstitutionally de-

-11-

prives the plaintiff, Richard P. McClure, of his First Amendment right to appear on the November ballot as a unenrolled candidate for the third Middlesex district without demonstrating a compelling state interest.

## COUNT II

The defendant, William F. Galvin's, scheduling of the Massachusetts presidential primary within the 90 day "disqualification window" set forth in Mass. Gen. L. ch. 53, Sec.'s 6 and 37 and 48 wrongfully, unlawfully and unconstitutionally deprives the plaintiff, Richard P. McClure, and those similarly situated, of his First Amendment rights to vote *and* to appear on the November ballot as a unenrolled candidate for the third Middlesex district when less burdensome and less discriminatory alternatives were available.

## COUNT III

The 1993 amendment to Mass. Gen. L. Ch. 53, Sec. 37 is unconstitutional in that it fails to give the plaintiff, and those similarly situated, proper notice that when he asks for a ballot in a March presidential primary, the very act of asking for and receiving said ballot, statutorily enrolls him in that named party and serves as an unknowing waiver of his constitutional right to seek state office himself as an unenrolled candidate in the general election in November.

-12-

## COUNT IV

By forcing the plaintiff, and those similarly situated, to choose between casting a ballot for a candidate in a presidential party primary and running for state office himself as an unenrolled candidate in the same election Mass. Gen. L. Ch. 53, Sec. 37 has an unconstitutional and "chilling" effect on the plaintiff's right to cast a meaningful ballot in the selection of a presidential primary candidate.

## COUNT V

Mass. Gen. L. ch. 53, Sec.s 6 and 37 and its effect on the plaintiff, Richard P. McClure, unconstitutionally prevents plaintiff, Martha McClure, and those similarly situated, from exercising their first amendment rights to freedom of association.

## COUNT VI

Mass. Gen. L. ch. 53, Sec. 37 is a violation of plaintiffs' equal protection rights guaranteed under the Fourteenth Amendment as it constitutes invidious discrimination against unenrolled voters.

## COUNT VII

The defendant, William F. Galvin's, was negligent in that he knew, or with reasonable inspection should have known, that he, as well as his predecessor, Secretary of the

-13-

Commonwealth, Michael Connolly, had been named as defendants in at least two civil actions by unenrolled candidates in similar loss of voting rights actions under Mass. Gen. L. ch. 53, Sec. 37.  See 1985 (*Metros*), supra and 2000 (*LaFrazia*), supra,.and that he:

1.  failed to properly educate and train his staff and town clerks of the serious, constitutional consequences to unenrolled voters who vote in a presidential primary election and to take reasonable steps to advise said unenrolled voters of same.

2.  failed to properly warn unenrolled candidates, in his 2004 "Guidelines to Massachusetts Candidates for State Office" booklet, of the loss of their constitutional rights to ballot access by voting in the presidential primary.

As a direct and proximate consequence of the defendant, William. F. Galvin's, negligence, the plaintiff, in accordance with Mass. Gen. L. ch. 53, Sec. 37, has lost constitutionally guaranteed rights by unknowingly waiving his constitutional right to appear as an unenrolled candidate for state senator.

## COUNT VIII

1. the defendant, Wm. F. Galvin, purposely and unlawfully failed to warn the plaintiff and similarly unenrolled voters of the loss of constitutional rights by voting in the presidential primary, despite having been named as a defendant in at least one similar action, in a willful and wanton attempt to invalidate unenrolled candidates for state office and then, in March of 2000 and 2004, after said presidential primary, and in an effort to follow through on said invalidation attempts, ordered town clerks to be on the lookout for independent

-14-

candidates who voted in the presidential primary as they are no longer eligible to run as unenrolled candidates. Said actions qualify as invidious discrimination against the Commonwealth's unenrolled voters and their candidates for state office.

As a direct and proximate consequence of the defendant, William. F. Galvin's, invidious discrimination, the plainiff, and those similarly situated, in accordance with Mass. Gen. L. ch. 53, Sec. 37, have lost constitutionally guaranteed rights by voting in the presidential primary and, therefore, unknowingly waiving their constitutional rights to appear as unenrolled candidates for state office.

## COUNT IX

The defendants, Elizabeth L. Delaney, Chelmsford town clerk and Jane Doe, yet to be identified ballot poll clerk, negligently failed to give accurate party enrollment information to the plaintiff, Richard P. McClure, upon his notice to them of his candidacy for state senate as an unenrolled candidate.

As a direct and proximate consequence of the defendants, Elizabeth L. Delaney's and said Jane Doe's, negligence, the plaintiff, in accordance with Mass. Gen. L. ch. 53, Sec. 37, has lost constitutionally guaranteed rights by unknowingly waiving his constitutional right to appear as an unenrolled candidate for state senator.

-14-

## COUNT X

Mass. Gen. L. ch. 53, Sec's 6 and 37 are in violation of the plaintiffs' civil rights under Sections 1973c and 1988 of Chapter 42 of the U. S. Code in that they constitute a deprivation of civil rights under color of state statute.

In support of said complaint for declaratory judgment and injunctive relief, plaintiffs attach the following:

1. memorandum of law;

2. the aforestated Exhibits A-I;

3. Affidavit of Richard P. McClure; and

4. Affidavit of Martha McClure

WHEREFORE, the plaintiffs, Richard P. McClure, Martha McClure, and those similarly situated unenrolled voters, request this Honorable Court enter an Order

1. declaring that Mass. Gen. L. ch. 53, Sec.'s 37 and 6 are violative of plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution, Article IX of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and Sec.'s 1973c and 1983 of Chapter 42 of the U.S. Code .

-15-

2. grant plaintiffs' request for injunctive relief by Ordering that the defendant, Elizabeth L. Delaney, and any other Chelmsford registrar, certify the plaintiff, Richard P. McClure's, unenrolled voter status despite the applicable provisions of Mass. Gen. L. sec.'s 6 and 37 and further Order that the defendant, Willliam Galvin, accept said nomination papers and place the plaintiff's name as a candidate for state senator for the third Middlesex district on the November 2, 2004 state ballot.

3. enter an Order certifying the "class action" under Fed. R. Civ. P. 23.

4. award attorney's fees and costs pursuant to 28 U.S.C. 1988, Fed. R. Civ. P. 23 and any other applicable state or federal statute.

Dated: April 22, 2004

defendants,

*[signature]*

Richard P. McClure, pro se
Martha McClure, by her attorney

*[signature]*

Richard P. McClure, Esquire
BBO#564713
8 Westford Street
Chelmsford, MA 01824
(978) 256-8822