UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. _____

RICHARD P. McCLURE,
MARTHA McCLURE,
      PLAINTIFFS

V.

WILLIAM F. GALVIN;
SECRETARY OF THE COMMONWEALTH
OF MASSACHUSETTS,

ELIZABETH L. DELANEY; TOWN CLERK FOR THE
TOWN OF CHELMSFORD, MASSACHUSETTS, and

JANE DOE, CHELMSFORD ELECTION POLL CLERK,
      DEFENDANTS

04 10826 RGS

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND SHORT ORDER OF NOTICE

Now comes the plaintiff, Richard P. McClure, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves this Honorable Court to issue a preliminary injunction, Ordering the defendant, Elizabeth L. Delaney, and any other Chelmsford Registrars of Voters, to issue a certificate of voter registration confirming his "unenrolled" status in compliance with Mass. Gen. L. ch. 53, Sec. 6 and to further Order the defendant, William F. Galvin, Secretary of the Commonwealth of Massachusetts, to accept said certificate and to place the plaintiff's name on the November 2, 2004 ballot as a candidate for state senator, third Middlesex district.

Plaintiff further requests that this Court Order said motion for preliminary injunction be marked for Hearing as soon as possible and that any Bond requirement be waived.

In support of said motion plaintiff states the following:

1. The plaintiffs, Richard P. McClure et al, challenge Mass. Gen. L. ch. 53, Sec.'s 6 and 37 in that they unconstitutionally burden their voting rights, right to ballot access and rights of association protected under the First and Fourteenth Amendments to the United States Constitution, Sections 1973(c) and 1983 of Chapter 42 of the U.S. Code, and Article IX of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.

2. The plaintiff, Richard P. McClure, will suffer immediate and irreparable injury if said injunction is not issued as he will be unable to campaign for state senator of the third Middlesex district of Massachusetts and raise contributions with any credibility as the local media has already reported to the public at large that the plaintiff's name cannot be placed on said November ballot and that his campaign is, effectively, over. The other two, major party candidates for the same senate seat, who also voted in the Massachusetts presidential primary election, have not been so harmed, continue to campaign and raise contributions. See plaintiff's affidavit and Exhibit F.

3. Plaintiffs also face irreparable harm due to the defendant, Elizabeth L. Delaney's, failure to issue a certificate of voter registration. The defendant, William F. Galvin, Secretary of the Commonwealth of Massachusetts, will not place the plaintiff's name on

the November ballot without this certificate which, by statute, is due on May 25, 2004. Defendant, Delaney, refuses to issue said certificate as a result of plaintiff having exercised his right to vote in the March 2, 2004 presidential primary. See plaintiff's affidavit and Exhibit E.

4. The plaintiff has met all other statutorial requirements for having his name placed on the November ballot with the exception of said certificate and his claims have a high likelihood of success on the merits. See Complaint and Exhibits, Plaintiffs' Affidavits and Memorandum of Law.

4. The injuries sustained by the plaintiffs outweigh any harm to the defendants.

5. The issuance of this injunction will not disserve the public interest but, rather, purports to represent the interests of the Commonwealth's 2 million unenrolled voters.

WHEREFORE, the plaintiffs pray this Honorable Court grant their motion for preliminary injunction.

Richard P. McClure,
Pro Se and
Attorney for the plaintiffs

Richard P. McClure, Esquire
8 Westford Street
Chelmsford, MA 01824
(978) 256-8822
BBO#564713