UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD P. McCLURE and
MARTHA McCLURE,

            Plaintiffs,

        v.

WILLIAM GALVIN, Secretary of State
for the Commonwealth of Massachusetts;
ELIZABETH L. DELANEY, Town Clerk for the
Town of Chelmsford, Massachusetts; and,
JANE DOE, Chelmsford Election Poll Clerk.

           Defendants.

CIVIL ACTION
NO. 04-10826-RGS

**DEFENDANT SECRETARY OF THE COMMONWEALTH'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

      Pursuant to Fed. R. Civ. P. 12(b)(6), the defendant Secretary of the Commonwealth hereby moves to dismiss plaintiffs' complaint in its entirety for failure to state a claim upon which relief can be granted. In support of this motion, the Secretary relies upon his accompanying memorandum in opposition to plaintiffs' motion for a preliminary injunction and the exhibits attached thereto.

      As detailed in the accompanying memorandum, plaintiff Richard P. McClure seeks declaratory and injunctive relief against the Secretary and certain other election officials in an effort to have his name placed on the November 2, 2004 ballot as an "unenrolled" or independent candidate for office of State Senator representing the 3rd Middlesex District. Plaintiff Martha McClure is a registered voter in the Town of Chelmsford, who seeks to vote for McClure in the November election.

Pursuant to Massachusetts election laws, McClure is ineligible to have his name placed on the ballot as an unenrolled candidate because, by selecting a Democratic Party ballot in the presidential primary election held on March 2, 2004, McClure became enrolled in the Democratic Party. G.L. c. 53, § 37. Massachusetts law disqualifies any person from being certified as an unenrolled candidate if he or she was enrolled in a political party at any time within ninety days preceding the filing deadline for the office he or she seeks. G.L. c. 53, § 6. Although McClure – immediately after voting in the Democratic Party's primary – changed his enrollment status back to unenrolled, he nevertheless is disqualified from being listed as an unenrolled candidate on the November ballot because, by virtue of having voted in the Democratic Party's primary and the statute's plain language, he was enrolled in a political party within ninety days preceding the applicable filing deadline.

Contrary to the allegations contained in plaintiffs' complaint, there is nothing unconstitutional in the Secretary and other election official's enforcement of the plain language of the Commonwealth's election laws. The Supreme Court in Storer v. Brown, 415 U.S. 724, 728 (1973), upheld a similar (indeed, more restrictive) disaffiliation provision under California law that denied ballot position to independent candidates who had voted in the immediately preceding primary elections or had registered party affiliation at any time during the year prior to those elections. Drawing on the Storer decision, the Supreme Judicial Court of Massachusetts in Metros v. Secretary of the Commonwealth, 484 N.E.2d 1015, 396 Mass. 156 (1985), rejected a nearly identical challenge to the constitutionality of the same election laws at issue here. McClure does not and can not meaningfully distinguish his circumstances from the circumstances presented in Storer and Metros, and, therefore, the holdings reached in those cases foreclose McClure's state and federal constitutional claims. See Compl. at Counts I-VI and X.

McClure's remaining claims (Counts VII-IX) are premised on his assertions that (1) he did not know or understand the requirements of the challenged election laws and (2) that the defendant election officials allegedly failed to adequately warn him that his participation in the Democratic Party's presidential primary would render him ineligible from being listed as an unenrolled candidate on the November ballot. It is well settled, however, that all citizens are presumptively charged with knowledge of the law and that publication of a statute, without more, is constitutionally sufficient notice of the law's requirements. Furthermore, the Commonwealth cannot be estopped from enforcing the clear and unambiguous provisions of its election laws based on any alleged negligent acts or omissions of its election officials. Estoppel, to the extent it applies to a sovereign state at all, requires affirmative misconduct by government officials and justifiable reliance by the private party – neither of which exists here.

In addition, with respect to voter McClure's claims, there is no constitutional right to vote for a prospective candidate who has been rendered ineligible for ballot listing based on his or her failure to comply with state election laws. Voter McClure's claims, therefore, are entirely dependent on the validity of candidate McClure's claims and, as such, are likewise foreclosed.

WHEREFORE, for all of the reasons detailed in the accompanying memorandum, the Secretary's motion to dismiss should be allowed and an order should enter dismissing plaintiffs' complaint in its entirety.

                                                  Respectfully submitted,

                                                  WILLIAM FRANCIS GALVIN,
                                                  SECRETARY OF THE COMMONWEALTH,

                                                  By his counsel,

                                                  THOMAS F. REILLY
                                                  ATTORNEY GENERAL


                                                  James J. Arguin (BBO No. 557350)
                                                  Assistant Attorney General
                                                  One Ashburton Place, Room 2019
                                                  Government Bureau
                                                  Boston, Massachusetts 02108-1698
                                                  (617) 727-2200, ext. 2074

Dated:  May 10, 2004

<b><u>Certificate of Compliance with Local Rule 7.1</u></b>

      I, James J. Arguin, certify that, on May 7, 2004, I conferred by telephone with counsel for plaintiffs, Richard P. McClure, in a good faith, but ultimately unsuccessful effort to resolve or narrow the issues raised by the foregoing motion.

                                                  James J. Arguin